IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHELLE REYES | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-15-2688 |
| | : | |
| | : | |
| RAYMOND HINISH | : | |
| | : | |

**MEMORANDUM**

This suit centers on an ownership dispute over a condominium in Bethesda, Maryland. (Pl.'s First Am. Compl. 2, ECF No. 9). The plaintiff, Michelle Reyes, alleges she continuously made payments on a mortgage held in the name of the defendant, Raymond Hinish. *Id.* at 3. After nine years of Reyes' residing at the condominium, the defendants brought a civil action to evict Reyes in state court. *Id.* at 4.

Reyes raises several state law claims and seeks relief under a provision of the Internal Revenue Code providing for interest and real property tax deductions, 26 U.S.C. § 163. The defendants move to dismiss Reyes' complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. (Mem. Supp. Mot. Dismiss 1, ECF No. 7-1). The court finds oral argument unnecessary to resolve the issues. *See* Local R. 105.6 (D. Md. 2014). The defendants' motion will be granted for the following reasons.[1]

---

[1] Reyes suggests the defendants' motion to dismiss should be denied as moot. (Opp'n Mot. Dismiss 1, ECF No. 12). "[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 415 (D. Md. 2012) (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476, at 638 (2010 ed.)). "Since [Count I] of the amended complaint suffer[s] from the same deficiencies that are addressed in defendants' motion to dismiss, the court will allow the motion to dismiss [this] count[] to be considered

Reyes' only purported federal claim is Count I, which seeks a declaratory judgment that Reyes alone is eligible for certain property-related tax deductions under 26 U.S.C. § 163. "Congress has barred federal courts from giving declaratory judgments in tax matters." *Handeland v. Comm'r of Internal Revenue*, 519 F.2d 327, 329 (9th Cir. 1975); *see also* 28 U.S.C. § 2201(a). Section 2201(a) provides, with limited exceptions not applicable here, that a federal court's power to issue declaratory judgments does not extend to cases involving federal taxes.

Federal question subject-matter jurisdiction does not exist if the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. Oneida Cty.*, 414 U.S. 661, 666 (1974)). Here, the plaintiff's only federal claim is completely devoid of merit: this court cannot provide the relief she seeks. The court lacks subject matter jurisdiction over Count I, and Reyes' claim will be dismissed pursuant to Rule 12(b)(1).[2]

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, the remaining state law claims in the amended complaint also will be dismissed for lack of jurisdiction.

---

as addressing the amended complaint." *Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999).

[2] Even if section 2201(a) did not preclude this federal tax suit, the court would still lack jurisdiction over the complaint. There is no private right of action, express or implied, over the deductions provided for in 26 U.S.C. § 163. Nothing in section 163 itself, nor in the Internal Revenue Code subchapter covering third party and taxpayer proceedings, 26 U.S.C. §§ 7421–37, indicates Congressional intent to allow a private cause of action under the provisions of section 163.

A separate order follows.

October 27, 2015 /S/
Date Catherine C. Blake
 United States District Judge